UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Chrysler Group LLC,

      Plaintiff,

v.                                                        Case No. 10-12984

South Holland Dodge, Inc., *et al.,*                     Honorable Sean F. Cox

      Defendants;

               *Consolidated with*

Livonia Chrysler Jeep, Inc., a Michigan
for profit corporation,

      Plaintiff,

v.                                                        Case No. 10-13290

Chrysler Group, LLC, *et al.*,                           Honorable Sean F. Cox

      Defendants;

               *Consolidated with*

Chrysler Group LLC,

      Plaintiff,

v.                                                        Case No. 10-13908

Sowell Automotive, Inc., *et al.*,                       Honorable Sean F. Cox

      Defendants.
_____/

## <u>ORDER DENYING</u>
## <u>REQUESTS FOR CERTIFICATION OF INTERLOCUTORY APPEAL</u>

This matter is currently before the Court on several motions asking the Court to either: 1)

1

amend its March 27, 2012 Opinion & Order, to include interlocutory appeal certification,

pursuant to 28 U.S.C. § 1292(b); or 2) to certify an interlocutory appeal under Fed. R. Civ. P.

54(b).  The Court finds that the issues have been adequately presented in the parties' briefs and

that oral argument would not significantly aid the decisional process.  *See* Local Rule 7.1(f)(2),

U.S. District Court, Eastern District of Michigan.  The Court therefore orders that the motions

will be decided upon the briefs.  For the reasons that follow, the Court shall DENY these

requests.

## BACKGROUND[1]

Following the 2009 bankruptcies of Chrysler LLC ("Old Chrysler") and General Motors

Corporation ("Old GM"), and actions taken to consolidate their respective dealer networks,

Congress enacted Section 747 of the Consolidated Appropriations Act of 2010, Pub. L. No. 111-

117 ("Section 747").  That Act was passed to grant certain arbitration rights to dealerships that

were rejected or terminated in connection with the those bankruptcies.  Several dealers who had

been rejected by Old Chrysler initiated, and prevailed in, Section 747 arbitrations with Chrysler

Group LLC ("New Chrysler").  Those arbitration determinations gave rise to this litigation

because the parties disagreed as to what happens next following those Section 747 arbitration

determinations.

In addition to New Chrysler, there are two different groups of dealers who are parties to

this action.  First, there are 8 dealers whose franchise agreements were rejected by Old Chrysler

_____

[1]The full background of this action is provided in this Court's March 27, 2012 Opinion &
Order (Docket Entry No. 361).  The Court includes here only those facts necessary for purposes
of the pending motions.

2

and who prevailed in Section 747 arbitrations with New Chrysler that are currently[2] parties in

these consolidated actions:  1) Livonia Chrysler Group LLC ("Livonia"); 2) Village Chrysler

Jeep, Inc. d/b/a Village Automotive Center ("Village"); 3) Fox Hills Motor Sales, Inc. d/b/a Fox

Hills Chrysler Jeep ("Fox Hills"); 4) Boucher Imports, Inc. d/b/a Frank Boucher Chrysler

("Boucher"); 5) Jim Marsh American Corp. ("Jim Marsh"); 6) Spitzer Autoworld Akron, LLC

("Spitzer"); 7) BGR, LLC d/b/a Deland Dodge ("BGR"); and 8) Sowell Automotive, Inc., d/b/a

Dodge City Chrysler Jeep ("Sowell") (collectively, the "Rejected Dealers").  Second, there are a

number of existing dealers who are parties to this action because they oppose New Chrysler

establishing or relocating a dealer who prevailed in a Section 747 arbitration into their area

without following the provisions of state-law dealer acts ("Interested Dealers").  These Interested

Dealers include: 1) Crestwood Dodge, Inc.  ("Crestwood") (who opposes Livonia); 2) Fred

Martin Motor Co. ("Fred Martin") (who opposes Spitzer)*; 3)* Falls Motor City, Inc. ("Falls

Motor City") (who opposes Spitzer)*; and 4)* Hurley Chrysler Jeep, Inc. ("Hurley") (who opposes

BGR).

In an Opinion & Order issued on March 27, 2012, this Court ruled on numerous motions

to dismiss and motions for summary judgment filed by the parties and declared that: 1) the sole

and exclusive remedy for a dealer rejected by Old Chrysler who prevails in a Section 747

arbitration with New Chrysler is a customary and usual letter of intent ("LOI") to enter into a

sales and service agreement with New Chrysler; 2) Section 747 does not provide for

reinstatement of a dealer rejected by Old Chrysler who prevails in a Section 747 arbitration with

---

[2]New Chrysler and a number of other dealers resolved their respective claims against
each other.

New Chrysler; 3) Section 747 does not authorize an award of monetary damages; 4) Section 747 does not provide for judicial confirmation or enforcement and neither the FAA nor the AAA's Commercial Rules govern these statutorily-mandated arbitrations or authorize a party to move to confirm an arbitrator's determination in a Section 747 arbitration; and 5) Section 747 does not preempt the state-law dealer acts that govern the relationships between automobile manufacturers and dealers in California (Cal. Vehicle Code § 3060 *et seq.*), Florida (Fla. Stat. § 320.01 *et seq.*), Michigan (Mich. Comp. Laws § 445.1561 *et seq.*), Nevada (Nev. Rev. Stat. § 482.36311 *et seq.*), Ohio (Ohio Rev. Code. § 4517.43), or Wisconsin (Wis. Stat § 218.0101 *et seq.*).

This Court noted, however, that the above rulings to not dispose of all claims in these consolidated actions:

> The above rulings do not dispose of all claims in this action. Like the situation in Eagle Auto Mall Corp., supra, several Rejected Dealers assert that New Chrysler has not provided them the statutory customary and usual letter of intent to enter into franchise agreements.

(March 27, 2012 Opinion & Order at 34). The Court noted that: 1) as to Sowell, Count Two of New Chrysler's July 14, 2001 Complaint for Declaratory Relief asks the Court to declare that the LOIs provided by New Chrysler to Sowell is New Chrysler's customary and usual LOI and is in compliance with Section 747, and that Sowell was seeking a contrary ruling; 2) Livonia's complaint seeking declaratory relief also include a request that the Court declare that the LOI New Chrysler provided to Livonia is not a customary and usual LOI in compliance with Section 747; and 3) Count II of New Chrysler's February 9, 2011 Complaint for Declaratory Judgment against Fox Hills, Village, and Jim Marsh asks the Court to declare that the LOIs New Chrysler issues to Fox Hills, Village, and Jim Marsh are New Chrysler's customary and usual LOIs and

4

comply with the Act.  Thus, no judgment was issued by the Court and the Court scheduled a

status / scheduling conference with the parties to discuss the most efficient method of

adjudicating the remaining claims.

After this Court issued its March 27, 2012 Opinion & Order, parties began filing motions

asking this Court to amend that order to certify an interlocutory appeal pursuant to 28 U.S.C. §

1292(b) and/or Fed. R. Civ. P. 54(b), and premature notices of appeal.

On April 6, 2012, Livonia filed an "Emergency Motion to Amend This Court's Opinion

& Order Dated March 27, 2012 To Allow For An Immediate Appeal."  (Docket Entry No. 362).

In that motion, Livonia asks the Court to amend its March 27, 2012 Opinion & Order to include

interlocutory appeal certification, pursuant to 28 U.S.C. § 1292(b).

Although no Judgment had been issued, and it had not requested that the Court certify an

interlocutory appeal, on April 11, 2012, Jim Marsh filed a Notice of Appeal.  (Docket Entry No.

364).

On April 17, 2012, Fox Hills and Village filed "Motion Requesting Certification Of An

Interlocutory Appeal Under Rule 54(b) And/Or 28 U.S.C. § 1292(b) And Requesting A Stay

Under Rule 62(h)" (Docket Entry No. 370), along with a Notice of Joinder as to Livonia's

Motion.  (Docket Entry No. 371).

On April 18, 2012, Boucher filed its own "Motion for Certification Of Appeal Pursuant

To Rule 54(b) And/Or 28 U.S.C. 1292(b) And To Stay Enforcement Of Any Final Judgment

Pursuant To Rule 62(h)."  (Docket Entry No. 373).

Although no Judgment has been issued, and this Court has not granted any requests for

certification of interlocutory appeal, Boucher filed a Notice of Appeal on April 23, 2012 (Docket

Entry No. 386); Fred Martin filed a Notice of Cross Appeal on April 24, 2012 (Docket Entry No. 379); Fox Hills and Village filed Notices of Appeal on April 24, 2012 (Docket Entry Nos. 381 & 382); and Jim Marsh filed an Amended Notice of Appeal on April 24, 2012 (Docket Entry No. 383).

On April 25, 2012, BGR filed a Counterclaim to New Chrysler's Third Amended Complaint, seeking a declaration that the LOI issued that New Chrysler issued to it is not New Chrysler's customary and usual LOI and does not comply with the Act. (Docket Entry No. 388).

## ANALYSIS

### I.    Requests For Certification Of Interlocutory Appeal Pursuant To 28 U.S.C. § 1292(b).

In the pending motions, several parties ask this Court to amend its March 27, 2012 Opinion & Order to include interlocutory appeal certification, pursuant to 28 U.S.C. § 1292(b). Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to do it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b) (emphasis in original). Thus, this Court has the discretion to certify an order for interlocutory appeal if: 1) the order involves a controlling question of law; 2) a substantial ground for difference of opinion exists regarding the correctness of the decision; and

3) an immediate appeal may materially advance the ultimate termination of the litigation.  *Id.; In re City of Memphis v. City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002); *In re Baker & Getty Fin. Svs., Inc. v. Nat'l Union Fire Ins. Co.*, 954 F.2d 1169, 1172 (6th Cir. 1992).

The Sixth Circuit has stated that "[r]eview under § 1292(b) is granted sparingly and only in exceptional cases."  *In re City of Memphis*, 293 F.3d 350.

### A.     This Court's March 27, 2012 Involves Controlling Questions Of Law.

"A legal issue is controlling if it could materially affect the outcome of the case."  *In re City of Memphis*, 293 F.3d 350.

There can be no serious dispute that this Court's March 27, 2012 Opinion & Order involves controlling questions of law, including the nature of the relief provided by Section 747 to a party who prevails in a Section 747 arbitration New Chrysler and whether Section 747 preempts state dealer acts.  Indeed, because these very same *threshold legal issues* impact all parties, this Court stayed all discovery until after it determined these controlling questions of law.  This Court's determination of these legal issues materially affects the outcome of this consolidated action because it resolved the majority of the claims between the parties.  The only claims that remain in the action following this Court's March 27, 2012 Opinion & Order are the claims between the parties as to whether the LOIs provided by New Chrysler to dealers who prevailed in Section 747 arbitrations are New Chrysler's customary and ususal LOIs and comply with the Act.  Thus, the first factor is satisfied.

### B.     A Substantial Ground For Difference Of Opinion Does Not Exist Regarding The Correctness Of The Decision.

"Under Sixth Circuit law, 'substantial grounds for difference of opinion' exist only when

there is conflicting authority on an issue." *Serrano v. Cintas Corp.*, 2010 WL 940164 (E.D. Mich. 2010) (citing *In re City of Memphis*, 293 F.3d at 350-51)). This occurs where a given issue: 1) is difficult and of first impression; 2) a difference of opinion exists within the controlling circuit; or 3) the circuits are split on the issue. *Serrano, supra* (citing *Gaylord Enter. Co. v. Gilmore Enter. Group*, 187 F.Supp.2d 926, 956 (M.D. Tenn. 2001)).

Here, the Rejected Dealers contend that a substantial ground for difference of opinion exists as to the issues of whether: 1) Section 747 provides for reinstatement of a dealer rejected by Old Chrysler who prevails in a Section 747 with New Chrysler; and 2) Section 747 preempts state dealer acts.

As to the first issue, the Rejected Dealers have not identified a single decision, wherein *any court* has accepted the Rejected Dealers' proposed interpretation of Section 747. Rather, as New Chrysler notes, "every court that has considered the issue has agreed that a 'rejected' Old Chrysler dealer who received a favorable determination in a Section 747 arbitration is entitled to receive only a 'customary and usual letter of intent." (New Chrysler's Br., Docket Entry No. 391, at 4) (listing cases).

As to the second issue, whether Section 747 preempts state dealer acts, the parties have not identified any cases wherein another court has decided that issue and this Court is not aware of any such cases.

Accordingly, no difference of opinion therefore exists within the Sixth Circuit as to these two issues. In addition, while other district courts have looked at the same or similar issues, no circuit court has, as yet, reviewed these issues. Thus, there is not a circuit split on these issues.

Moreover, while these legal questions regarding Section 747 are issues of first

impression in the Sixth Circuit, they are not difficult issues.  Indeed, this Court's interpretation

of the Act was based on the plain language of the Act and the Rejected Dealers' preemption

arguments were based on their rejected proposed interpretation of the Act.  *See, eg., Serrano,*

*supra* (finding no substantial grounds for difference of opinion where, although issue was one of

first impression in the Sixth Circuit, it was not a difficult issue); *City of Dearborn v. Comcast of*

*Michigan III, Inc.*, 2008 WL 5084203 (E.D. Mich. 2008) (finding no substantial grounds for

difference of opinion where, although the issue was one of first impression, based on the

language of the statute at issue, it was not a difficult issue).

### C.    An Immediate Appeal Will Not Materially Advance The Ultimate Termination Of The Litigation.

Pursuant to 28 U.S.C. § 1292(b), if a district court states that it is of the opinion that an

interlocutory appeal should be permitted, the Court of Appeals may, in its discretion, permit an

appeal to be taken.  The statute further provides that proceedings in the district court are not

stayed unless the district judge or the Court of Appeals so orders.  28 U.S.C. § 1292(b).

This action has already been pending for several years.  Following this Court's March 27,

2012 Opinion & Order, the only issues that remain in this action concern whether New Chrysler

provided Rejected Dealers the "customary and usual" letter of intent to enter into franchise

agreements that is required by the Act.  Given the limited nature of that issue, there is no reason

why this Court cannot issue an expedited scheduling order so that this action can be fully

concluded in short order.

Accordingly, the Court concludes that this is not the "exceptional" cases that should be

certified for an interlocutory appeal under § 1292(b).  The Court therefore denies all requests for

it to certify the case pursuant to § 1292(b) and all requests asking to stay this matter pursuant to

9

§ 1292(b).

The Court also chooses not to exercise its discretion[3] and certify its March 27, 2012 Opinion & Order as a final judgment pursuant to Fed. R. Civ. P. 54(b).

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that all motions asking this Court to certify its March 27, 2012 Opinion & Order for interlocutory appeal, pursuant to § 1292(b) or Fed. R. Civ. P. 54(b), are DENIED.

IT IS FURTHER ORDERED that all requests asking the Court to stay further proceedings in this matter are DENIED.

IT IS SO ORDERED.

S/Sean F. Cox_____
Sean F. Cox
United States District Judge

Dated:  May 24, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 24, 2012, by electronic and/or ordinary mail.

S/Jennifer Hernandez_____
Case Manager

---

[3]The determination of whether to allow for an interlocutory appeal pursuant to Fed. R. Civ. P. 54(b) is a matter left to the sound discretion of the district court.  *Akers v. Alvey*, 338 F.3d 491, 496 (6th Cir. 2003).