UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Chrysler Group LLC,

Plaintiff,

v. Case No. 10-12984

South Holland Dodge, Inc., *et al.*, Honorable Sean F. Cox

Defendants;

*Consolidated with*

Livonia Chrysler Jeep, Inc., a Michigan for profit corporation,

Plaintiff,

v. Case No. 10-13290

Chrysler Group, LLC, *et al.*, Honorable Sean F. Cox

Defendants;

*Consolidated with*

Chrysler Group LLC,

Plaintiff,

v. Case No. 10-13908

Sowell Automotive, Inc., *et al.*, Honorable Sean F. Cox

Defendants.
______________________________________/

**ORDER DENYING**
**FRED MARTIN MOTOR COMPANY'S MOTION FOR SEPARATE TRIAL**

Following the 2009 bankruptcies of Chrysler LLC ("Old Chrysler") and General Motors

Corporation (“Old GM”), and actions taken to consolidate their respective dealer networks, Congress enacted Section 747 of the Consolidated Appropriations Act of 2010, Pub. L. No. 111-117 (“Section 747”). That Act was passed to grant certain arbitration rights to dealerships that were rejected or terminated in connection with the those bankruptcies. Several dealers who had been rejected by Old Chrysler initiated, and prevailed in, Section 747 arbitrations with Chrysler Group LLC (“New Chrysler”). Those arbitration determinations gave rise to this litigation because the parties disagree as to what happens next following those Section 747 arbitration determinations.

In addition to New Chrysler, there are two different groups of dealers who became parties to this action. First, eight dealers whose franchise agreements were rejected by Old Chrysler and who prevailed in Section 747 arbitrations with New Chrysler became parties in these consolidated actions (collectively, the “Rejected Dealers”), including Spitzer Autoworld Akron, LLC (“Spitzer”). Second, there are a number of existing dealers who became parties because they oppose New Chrysler establishing or relocating a dealer who prevailed in a Section 747 arbitration into their area without following the provisions of state-law dealer acts (“Interested Dealers”). Fred Martin Motor Company (“Fred Martin”) is one of those Interested Dealers.

Fred Martin’s position, expressed in both its Answer to New Chrysler’s complaint seeking a declaratory judgment, and in its cross-claim against Spitzer seeking a declaratory judgment (*see* Docket Entry No. 341), is that: 1) Section 747 is unconstitutional; and 2) Section 747 does not preempt the state-law dealer act that governs the relationships between automobile manufacturers and dealers in Ohio (Ohio Rev. Code. § 4517.43).

Fred Martin, like some other parties, also filed a Notice of Constitutional Question

(Docket Entry No. 96). Thereafter, the United States intervened in this action in order to defend the constitutionality of Section 747.

In March of 2012, this matter came before the Court on multiple motions to dismiss and motions for summary judgment, filed by the parties prior to discovery, including a Motion for Partial Summary Judgment filed by Fred Martin. (Docket Entry No. 215). In that motion, Fred Martin requested the following relief from this Court:

> IX. CONCLUSIONS AND RELIEF REQUESTED.
>
> WHEREFORE, Fred Martin respectfully request that this Honorable Court determine the action before it with respect to Fred Martin by granting Fred Martin summary judgment, holding that:
>
> (I) Section 747 of the Consolidated Appropriates Act, 2010 Pub. L. No. 111-117 violates the separation of power doctrine of the Constitution of the United States; *or, alternatively*
>
> (II) Section 747 of the Consolidated Appropriates Act, 2010 Pub. L. No. 111-117 does not preempt Ohio Revised Code § 4517.50.

(Docket Entry No. 215-1 at 19) (emphasis added).

In an Opinion & Order issued on March 27, 2012 (Docket Entry No. 361), this Court ruled upon the pending motions, including the motion filed by Fred Martin. Among other things, this Court ruled that: 1) The sole and exclusive remedy for a dealer rejected by Old Chrysler who prevails in a Section 747 arbitration with New Chrysler is a customary and usual letter of intent to enter into a sales and service agreement with New Chrysler; and 2) Section 747 does not provide for reinstatement of a dealer rejected by Old Chrysler who prevails in a Section 747 arbitration with New Chrysler. (*Id.*). This Court further noted that "New Chrysler and several Interested Dealers assert that Section 747 would violate the Constitution, if the Court were to

interpret Section 747 as the Rejected Dealers urge it to do." (*Id*. at 22 n.5). This Court ruled that "[g]iven that the Court rejects the Rejected Dealers' interpretation of the Act, the Court need not reach the Constitutional issue." (*Id*.). This Court also ruled that Section 747 does not preempt the state-law dealer acts that govern the relationships between automobile manufacturers and dealers in several states, including Ohio (Ohio Rev. Code. § 4517.43). (*Id*. at 3-4).

Accordingly, Fred Martin's cross-claims *were resolved* by virtue of the rulings in this Court's March 27, 2012, Opinion & Order.

If Fred Martin wished to seek reconsideration of any of the rulings contained in this Court's March 27, 2012, Opinion & Order, it was required to file a motion for reconsideration within fourteen days after it was issued. Local Rule 7.1(h). Fred Martin did not do so.

Nevertheless, on March 13, 2012 – nearly *a full year* after this Court resolved Fred Martin's cross-claims – Fred Martin filed the instant "Motion for Separate Trial Pursuant To FRCP 42(b)." (Docket Entry No. 463). In substance, this is a motion seeking reconsideration of this Court's March 27, 2012, Opinion & Order. Fred Martin asks the Court to reconsider its ruling that the Court need not reach the constitutional issue given its interpretation of Section 747. Fred Martin asserts that the "constitutional issues remain ripe for determination" and asks this Court to grant it a separate trial, wherein the Court would rule upon the constitutionality of Section 747. Fred Martin's motion states that neither Chrysler nor Spitzer concur with its motion.

On March 22, 2013, the United States filed a brief opposing Fred Martin's motion. (Docket Entry No. 465). The United States contends that the Court should deny the motion "for two independent reasons. First, the Court has already determined that the Constitutional issue is

not implicated by the Court's interpretation of Section 747, and Fred Martin's motion to reconsider that ruling is untimely and improper. Second, Fred Martin lacks standing because it has not establish that it will be injured by Section 747 as interpreted by the Court, or that this claimed injury is redressable by a judgment against another dealer." (*Id*. at 1). The Court agrees.

This Court hereby ORDERS that Fred Martin's motion will be decided without oral argument. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan.

IT IS FURTHER ORDERED that Fred Martin's motion is DENIED.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: April 11, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 11, 2013, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager