UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Chrysler Group LLC,

       Plaintiff,

v.                                 Case No. 10-12984

South Holland Dodge, Inc., *et al.,*        Honorable Sean F. Cox

       Defendants;

              *Consolidated with*

Livonia Chrysler Jeep, Inc.,

       Plaintiff,

v.                                 Case No. 10-13290

Chrysler Group, LLC, *et al.*,

       Defendants;

              *Consolidated with*

Chrysler Group LLC,

       Plaintiff,

v.                                 Case No. 10-13908

Sowell Automotive, Inc., *et al.*,

       Defendants.

_____/

**<u>ORDER</u>**

       This closed action is currently before the Court on an "Emergency Motion To Enforce

Settlement Agreement" (Docket Entry No. 541) filed by Chrysler Group LLC, n/k/a FCA LLC

("Chrysler").  The motion has been fully briefed by the parties and the Court finds that

oral argument would not aid the Court.  *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern

District of Michigan.  For the reasons set forth below, the Court concludes that it lacks subject

matter jurisdiction over Chrysler's Emergency Motion to Enforce Settlement Agreement.

## BACKGROUND

This Court consolidated three related cases in Case No. 10-12984 and this consolidated

action involved multiple parties.  The action has a lengthy background, that need not be restated

here.  The Court includes only those background facts that are relevant to the issue before the

Court.

In this action, Chrysler sought, among other things, a declaration that Section 747 of the

Consolidated Appropriations Act of 2010 ("Section 747") does not preempt the state dealer laws

of several states, including Montana.  Chrysler's complaint did not seek any monetary damages

against Rimrock or any other party.

On or about May 6, 2011, Plaintiff Chrysler and Defendant Rimrock Chrysler, Inc. d/b/a

Rimrock Chrysler Jeep ("Rimrock") entered into a written "Settlement Agreement" (*See* Docket

Entry No. 542-2) under which: 1) Rimrock agreed "not to assert any claim, defense, or argument

of any nature whatsoever, in any forum or proceeding whatsoever, that Section 747 preempts the

Montana state dealer laws"; and 2) Chrysler agreed to dismiss its claims against Rimrock in this

action.

Thereafter, in May of 2011, Chrysler and Rimrock stipulated to having this Court "enter

an order dismissing all claims, defenses and counterclaims relating to Chrysler Group and

Rimrock with prejudice."  (Docket Entry No. 194).  Thereafter, this Court issued an "Order

2

Dismissing Rimrock Chrysler, Inc. D/B/A Rimrock Chrysler Jeep, Only" that had been prepared

by counsel for the parties. (*Id.*). That order states, in its entirety, as follows:

> Pursuant to Fed. R. Civ. P. 41(a)(2) and the below-referenced stipulation
> of Plaintiff, Chrysler Group, LLC ("Chrysler Group"), and Defendant [ ] Rimrock
> Chrysler, Inc. d/b/a Rimrock Chrysler Jeep ("Rimrock"), only, and the Court
> being otherwise advised in the premises;
>      IT IS HEREBY ORDERED that all claims, defenses and counterclaims
> relating to Chrysler Group and Rimrock as brought or could have been brought in
> this case, are hereby dismissed with prejudice and without costs to either party.
>      IT IS SO ORDERED.

(*Id.*).

Following discovery, this Court ruled, among other things, that Section 747 does not

preempt the state dealer laws of Michigan, Nevada, Ohio, or Wisconsin.

On appeal, however, the United States Court of Appeals for the Sixth Circuit reversed on

the preemption issued to the extent that it concluded that Section 747 preempts the state dealer

laws of Michigan and Nevada. *Chrysler Group, LLC v. Fox Hills Motor Sales, Inc*., 776 F.3d

411 (6th Cir. 2015).

On June 16, 2015, while this Court was in the process of addressing issues concerning

the appropriate Judgment upon Remand to issue, Chrysler filed the instant Emergency Motion

To Enforce Settlement Agreement. (Docket Entry No. 541).

This Court issued the Judgment on Remand on June 26, 2015. (Docket Entry No. 549).

Among other things, it declares that Section 747 preempts the state dealer laws of Michigan and

Nevada. (*Id.* at 3).

In Chrysler's Emergency Motion to Enforce Settlement Agreement, it argues that

Rimrock breached the settlement with it by arguing, in a state-court action before the Montana

Supreme Court, that Section 747 preempts the state dealer laws of Montana. (Docket Entry No.

541). Chrysler's motion and attachments indicate that the Montana Supreme Court dismissed the action before it without prejudice and remanded the matter to the district court so that the district court would "consider and rule upon issues of subject-matter jurisdiction and federal preemption of state law." (Docket Entry No. 542-5 at Pg ID 18939). In terms of the relief it requests, Chrysler's motion asks this Court to enforce the  Settlement Agreement and enjoin Rimrock "from arguing whether Section 747 preempts Montana's state dealer franchise laws." (*Id*. at 11).[1]

## ANALYSIS

"Nothing is to be more jealously guarded by a court than its jurisdiction." *Douglas v. E.G. Baldwin & Assocs., Inc*., 150 F.3d 604, 606 (6th Cir. 1998).  This is because "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of American*, 511 U.S. 375, 377 (1994).  "It is to be presumed that a cause lies outside this limited jurisdiction" and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*.

Moreover, "[b]ecause subject-matter jurisdiction is "an [Article III] as well as a statutory requirement ... no action of the parties can confer subject-matter jurisdiction upon a federal court." *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). "Subject-matter jurisdiction can never be waived or forfeited," and courts are obligated to "consider *sua sponte* whether they have such jurisdiction." *Vander Bouegh v. EnergySolutions, Inc*., 772 F.3d 1056, 1064 (6th Cir. 2014).

As explained below, having carefully reviewed Chrysler's motion and Rimrock's

---

[1] Alternatively, Chrysler asks this Court "permanently stay the Montana state court proceedings as to the issue of whether Section 747 preempts Montana state dealer franchise laws." (*Id*. at 10)

response to it, this Court concludes that it lacks subject matter jurisdiction over the pending

motion to enforce the settlement agreement.

The United States Supreme Court's decision in *Kokkonen* "provides the analytical

framework for deciding whether a federal court has properly retained jurisdiction over a

settlement agreement and, consequently, over any enforcement issues associated with that

agreement. In *Kokkonen*, the Court unanimously recognized that '[e]nforcement of the settlement

agreement ... is more than just a continuation or renewal of the dismissed suit, and hence requires

its own basis for jurisdiction.'" *Moore v. U.S. Postal Service,* 369 F. App'x 712, 716 (6th Cir.

2010) (quoting *Kokkonen*, 511 U.S at 378).

"According to *Kokkonen*, a federal court lacks jurisdiction to enforce a settlement

agreement terminating litigation unless the court expressly 'retain[ed] jurisdiction over the

settlement agreement' or 'incorporat[ed] the terms of the settlement in the [dismissal] order'

while the case was still pending on the court's docket." *Jordan v. City of Detroit*, 595 F. App'x

486, 487 n.2 (6th Cir. 2014).  Absent such action, "enforcement of the settlement agreement is

for state courts, unless there is some independent basis for federal jurisdiction."  *Kokkonen*, 511

U.S. at 382.

Here, there is no dispute that the terms of the settlement agreement between Chrysler and

Rimrock (Docket Entry No. 542-2) were not incorporated into the dismissal order and this Court

did not expressly retain jurisdiction over the settlement agreement.

Citing to *Limbright* and *Colyer,* however, Chrysler notes that the Sixth Circuit has held

that *Kokkonen* does not divest federal courts of jurisdiction over the enforcement of settlement

agreements where there is diversity jurisdiction over the settlement agreement.  *Limbright v.*

*Hofmeister*, 566 F.3d 672 (6th Cir. 2009); *Colyer v. Traveler's Ins. Co.*, 525 F. App'x 308 (6th Cir. 2013).

In *Limbright*, the parties entered into a settlement agreement under which the defendants were to make certain payments and the plaintiff asserted the defendants breached the settlement agreement by failing to make a final payment of $650,000. *Id.* at 674. Notably, there was no dispute that the plaintiff could have filed a separate breach of contract action in federal court because there was diversity of citizenship and the amount in controversy exceeded $75,000. Yet the defendants argued the district court could not use diversity jurisdiction to summarily enforce the agreement. In making that argument, the defendants noted that the Supreme Court did not analyze whether diversity jurisdiction existed in *Kokkonen*. The Sixth Circuit rejected the defendants arguments and held that "a district court may rely on any basis of jurisdiction to summarily enforce a settlement agreement that produced the dismissal of an earlier federal suit." *Limbright,* 566 F.3d at 674-75. In so holding, the court stated that "*Kokkonen*'s failure to consider diversity jurisdiction explicitly likely reflects the *obvious lack of the required amount in controversy (the enforcement action at issue sought only the return of certain files),* not a hidden intent to preclude summary enforcement based on diversity jurisdiction." *Id.* at 676 (emphasis added). Accordingly, the Sixth Circuit concluded that the district court properly relied on diversity jurisdiction to summarily enforce the settlement agreement.

In *Colyer*, the Sixth Circuit again rejected a defendant's argument that a district court lacked jurisdiction, under *Kokkenen*, to summarily enforce a settlement agreement where its was undisputed that both diversity of citizenship existed and the amount in controversy was greater than $75,000. *Colyer,* 525 F. A'ppx at 313 ("The district court had diversity jurisdiction over

6

this case under 28 U.S.C. § 1332, as it is undisputed that Colyer and Travelers are from different states (Florida and Kentucky, respectively), and the amount in controversy was greater than $75,000.").

Accordingly, both *Limbright* and *Colyer* involved situations where it was undisputed that diversity of citizenship and the amount in controversy requirements were both met and, therefore, the district court had an independent basis for federal jurisdiction.

Attempting to shoehorn the circumstances here into the holdings of *Limbright* and *Colyer*, Chrysler argues that, "[i]n this case, it is undisputed that subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332 because complete diversity exists between [Chrysler] and Rimrock, and the amount into controversy exceeds $75,000." (Reply Br. at 2). But Rimrock has not conceded that diversity jurisdiction exists over the breach of settlement agreement and, as explained below, Chrysler has not persuaded this Court that the amount-in-controversy requirement is met.

Unlike the settlement agreements at issue in *Limbright* and *Colyer*, the settlement agreement at issue in this case does not involve the payment of a sum of money. Under the settlement agreement at issue here, the only agreements were that: 1) Rimrock agreed "not to assert any claim, defense, or argument of any nature whatsoever, in any forum or proceeding whatsoever, that Section 747 preempts the Montana state dealer laws"; and 2) Chrysler agreed to dismiss its claims against Rimrock in this action.

In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation. *Cleveland Housing Renewal Proj. v. Deutsche Bank Trust Co.*, 621 F.3d 554, 560 (6th Cir. 2010) (citing *Hunt v. Washington*

7

*State Apple Comm'n*, 432 U.S. 333 (1977)). Stated another way, the value of the declaratory or injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the relief he is seeking were granted. *South Florida Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315-16 (11th Cir. 2014).

Here, the enforcement action by Chrysler seeks an injunction[2] preventing Rimrock from arguing that Montana's state dealer act is preempted by Section 747. Thus, the most that Chrysler will receive if it prevails in establishing the Rimrock breached the settlement agreement is an injunction preventing Rimrock from arguing that Montana's state dealer act is preempted by Section 747. The question then becomes how to assign a monetary value to that kind of an injunction.[3]

A plaintiff who bases diversity jurisdiction on the value of injunctive relief must show that the benefit to be obtained from the injunction is sufficiently measurable to satisfy the

---

[2]In the case of injunctions, the Sixth Circuit has observed that the costs of complying with an injunction may establish the amount in controversy in some circumstances. *Cleveland*, 621 F.3d at 560. So, for example, where an injunction requires a party to perform remedial measures on a parcel of real property, the cost of that work may establish the amount in controversy requirement. But Chrysler has not argued that any costs associated with complying with the injunction it requests here could be viewed as establishing the amount in controversy requirement and no such costs are apparent to this Court.

[3]In arguing that the amount of controversy requirement is met with respect to the enforcement action it seeks to bring, Chrysler attempts to characterize the subject of it as "Rimrock's attempt to become part of [Chrysler's] dealer network." (Reply at 2). Chrysler argues, unconvincingly, that "the subject of the Settlement Agreement is, in fact, Rimrock's attempt to join [Chrysler's] dealer network and therefore the amount in controversy requirement is satisfied." (*Id*. at 3). Chrysler confuses the object of the underlying litigation with the object of the enforcement action. The settlement agreement does not include any agreements as to whether or not Rimrock can join the Chrysler dealer network.

8

amount in controversy requirement. *South Florida Wellness, Inc.*, 745 F.2d at 1316; *Morrison v. Allstate Idem. Co.*, 228 F.3d 1255, 1269 (11th Cir. 2000); *Davis v. DCB Fin. Corp.*, 259 F.Supp.2d 664, 676 (S.D. Ohio 2003) (citing *Whittemore v. Farrington*, 234 F.2d 221, 225 (9th Cir. 1956)); *Stoller v. Nissan Motor Corp.*, 934 F. Supp. 423, 424 (S.D. Fla. 1996); *Reilly Tar & Chem. Corp. v. Burlington Northern R. Co.*, 589 F.Supp. 275, 279 (D. Minn. 1984).

Due to the unique nature of the injunction at issue here, Chrysler has not made  –  and could not make –  such a showing here.  Again, were Chrysler to prevail in the establishing that Rimrock breached the settlement agreement, the most that Chrysler would obtain would be an injunction that prevents Rimrock from making legal arguments that Section 747 preempts Montana's state dealer laws.[4]

This Court concludes that, under these facts and circumstances, any benefit that would be obtained from the requested injunction is not sufficiently measurable to satisfy the amount in controversy requirement and is far too speculative to sustain diversity jurisdiction.  This Court, therefore, lacks subject matter jurisdiction over the pending motion.

## CONCLUSION & ORDER

For the reasons set forth above, the Court RULES that it LACKS SUBJECT MATTER JURISDICTION over Chrysler's Emergency Motion to Enforce Settlement Agreement.

---

[4]And, as Chrysler's brief acknowledges, in the Montana state-court action that is of concern to Chrysler, the Montana Supreme Court has already remanded with instructions for the district court to consider the issue of whether Section 747 preempts Montana's dealer laws.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  July 20, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 20, 2015, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager